## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIE SHELLS,

              Plaintiff,

    v.

WAL-MART, INC.,

              Defendant.

Civil Action No. 23-cv-02561-JMC

## MEMORANDUM OPINION

Pro se Plaintiff Willie Shells filed a civil complaint against Defendant Wal-Mart, Inc., alleging claims related to an unspecified "decree" that Shells would receive "half of all [Wal-Mart's] stores [sic] finances" from unspecified "owners." *See* ECF 1-2 at 11–12. For the reasons discussed in greater detail below, the Court **DISMISSES** the Complaint without prejudice.

### I.    Background

On July 14, 2023, Wille Shells filed a complaint with the Superior Court of the District of Columbia by completing that Court's standard form. ECF 1-2 at 11–12. Shells alleges that he was "decree[d] half of all [Wal-Mart's] stores [sic] finances by the owners" and that he would "like to get [his] money [sic] through court." *Id.* Shells checked fifteen boxes on the Superior Court's complaint form, and would apparently like to assert claims for: civil asset forfeiture (currency), civil asset forfeiture (other), assault/battery, conversion, libel/slander/defamation, personal injury, and general civil claims concerning accounting, deceit (misrepresentation), fraud, legal malpractice, writ of replevin, and general civil - other. *Id.* at 13. He also checked the boxes for statutory claims concerning the Freedom of Information Act, Consumer Protection Act, and

1

exploitation of a vulnerable adult. *Id.* Shells issued a summons to Defendant, which Defendant acknowledged receipt of on August 11, 2023. *Id.* at 1.

On September 1, 2023, Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, ECF 1, and filed a Motion to Dismiss for lack of personal jurisdiction and failure to state a claim, including that the Complaint fails to conform to Rule 8's requirements. ECF 3. Among other things, Defendant argues that it does not understand the basis for Shells' claim because the Complaint does not provide it with any information.

## II.     Analysis

The Court finds it unnecessary to direct Shells to respond Defendant's Motion to Dismiss or require further briefing from Defendant because the Court has authority to dismiss this matter sua sponte for failure to comply with Rule 8. Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure. Shells' Complaint fails to do so. The Complaint presents a one-sentence allegation that suggests Shells may have intended to bring some kind of breach of contract claim, ECF 1-2 at 11, but the lack of accompanying factual allegations makes it impossible to determine that claim's factual basis. The naked and seemingly

unrelated claims asserted through the check boxes on the Superior Court's complaint form further confuse the matter. *Id.* at 13. Shells does not specify, for example, who assaulted or battered him, or why his claim concerns the Consumer Protection Act or Freedom of Information Act. *Id.* Even construing Shells' complaint liberally, the Court cannot make out his theory of how Defendant violated any statute, committed any tort, or engaged in any conduct that would entitle Shells to recovery.

Shells' Complaint is therefore dismissed for failure to comply with FRCP 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metropolitan Area Transit Authority*, 164 F. Supp. 3d 33, 35 (D.D.C. Feb. 5, 2016) (dismissing a complaint *sua sponte* for failing to comply with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)). Although Defendant has filed a Motion to Dismiss, the Court finds that requiring Shells to respond to Defendant's legal claims concerning personal jurisdiction and other matters when the Complaint is so deficient is pointless. If Shells believes that he has a viable claim against Wal-Mart, Shells is free to refile a Complaint that provides more information about the reason he is suing.

### III.    Conclusion

Plaintiff's complaint is **DISMISSED** without prejudice.


**SO ORDERED.**

DATE: September 6, 2023


3

_____
Jia M. Cobb
U.S. District Court Judge

4